SAMUEL COLCORD *v.* JAS. G. ARNOLD.

**Trial—Defective Verdict.**

Where the complaint is, for recovery of a single tract of land containing 335 acres, described by boundaries, and the verdict is for four different tracts containing 43, 24, 11 and 37 acres, respectively, which are described by name only, and the sheriff is unable to locate them from the description given, the verdict is fatally defective.

**Vendor and Purchaser—Survey by Purchaser—Notice.**

A survey of land by the purchaser, although unlawfully made, is notice to the world, and especially to the vendor, as to the extent of the purchaser's claim.

**Courts—Transfer of Case.**

A case involving a claim to a boundary of land, which originated in ordinary, should be transferred to the equity docket.

APPEAL FROM PENDLETON CIRCUIT COURT.

February 14, 1874.

OPINION BY JUDGE LINDSAY:

The verdict in this case is fatally defective. No judgment should have been rendered on it. The action is for the recovery of a single tract of land, alleged to contain 335 acres and 38 3-4 poles. The boundaries are fully set out. The answer is a mere plea of not guilty, in which no lands other than those described in the petition are mentioned.

The jury find for the plaintiff for four different tracts, containing respectively 43, 24, 11 and 37 acres, which are described by names wholly unknown to the pleadings. Besides, the location of neither of the different tracts is so fixed as to enable a ministerial officer to find it. This difficulty the court appreciated, and therefore

did not attempt in the judgment to locate or describe the different tracts. The judgment is "that the plaintiff recover of the defendant the several parcels of land described in the foregoing verdict."

A writ of possession following this judgment would leave the sheriff to determine judicially what parcels of land are described in the verdict, and then send him to the country without any guide whatever as to location or land marks, to hunt up the various parcels and deliver the possession thereof to the plaintiff. The court should have quashed the verdict of its own motion, as it is impossible to base an intelligible judgment upon it.

We regard the first instruction given for appellee as erroneous. The rule for ascertaining boundaries as therein laid down, is, under ordinary circumstances, the correct one; but in this case there is some evidence tending to show that appellant caused the one hundred-acre tract known as the Williford land, to be surveyed, and the boundaries marked. This may have been done without authority, but it was notice to the world and especially to his vendor as to the extent of his claim. Such a claim should not be arbitrarily disregarded. The rights of the parties may or may not require the enforcement of the general rule, but we do not regard it as inflexible.

This case should be transferred to equity. The chancellor should ascertain the rights of the different parties, and then order a survey to be made pursuant to his judgment. In this way alone can the respective rights of the litigants be determined and enforced. Of course the parties have the right, if they choose to exercise it, of keeping the cause on the ordinary docket, but we feel that it is proper to suggest the transfer to the equity side.

Judgment reversed and the cause remanded for further proper proceedings not inconsistent with this opinion.

*Lee, Trimble, for appellant.*

——, *for appellee.*